UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE V. LONG, JR.** | ) | CASE NO. 5:09CV1392 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| | ) | **AMENDED** |
| **CVS CAREMARK CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This memorandum opinion and order arises out of the motion of Defendant CVS Caremark Corporation ("CVS") to dismiss, or alternatively to stay, the complaint of Plaintiff Lawrence V. Long, Jr., as the administrator of the Estate of Christina Long ("Long"). (Doc. No. 4.) For the following reasons, CVS's motion to dismiss is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Except where noted, the facts of this case are undisputed. This case stems from the tragic death of an infant. Christina M. Long ("Christina") was born prematurely on February 26, 1984. (Doc. No. 1-3 at p. 8, ¶ 26.) Christina was administered E-Ferol Aqueous Solution ("E-Ferol") beginning on or about March 1, 1984. (*Id.* at p. 9, ¶ 26.) On or about April 11, 1984, the Food and Drug Administration requested an immediate emergency recall of E-Ferol based on the results of a Center for Disease Control investigation that revealed E-Ferol was the probable cause of a number of unexplained infant deaths across the country. (*Id.* at p. 9, ¶¶ 37, 38.) Though Christina stopped receiving E-Ferol on or about April 11, 1984, she passed away on June 23, 1984. (*Id.* at p. 9, ¶¶ 39, 40.)

In 2003, a lawsuit was initiated in the Northern District of Texas (the "Texas litigation") against several drug companies, including CVS Revco D.S., Inc., the predecessor to the defendant, seeking recovery for injuries allegedly ceased by E-Ferol.[1] (*Id.* at p. 18, ¶ 65; Doc. No. 4 at p. 3.) In 2004, that court certified the Texas litigation as a class action. (Doc. No. 1 at p. 18, ¶ 65.) The opt-out in the Texas litigation expired on September 11, 2006. (Doc. No. 4 at p. 4.) On January 9, 2009, Long filed a motion for leave to opt out of the class, which was denied on April 29, 2009. (*Id.*)

On March 16, 2009, Long filed suit against CVS, and others, in the Montgomery County Court of Common Pleas (the "Ohio litigation"). The Defendants in the Ohio case filed a motion to stay that case pending resolution of the Texas litigation, and that motion was granted on June 17, 2009, with the Ohio court observing:

> [D]enying Defendants' Motion to Stay and allowing the Ohio litigation to proceed would result in duplicative litigation that is wasteful of judicial resources. After considering the issues in both the Texas and Ohio Litigation, the Court believes that it is neither unreasonable nor arbitrary to grant Defendants' Motion to Stay due to the potentially dispositive developments in the Texas Litigation.

*Long v. O'Neal, Inc., et al,* No. 09-CV-2144, (Montgomery County Ct. of Common Pleas, filed June 17, 2009) (Doc. 4-11.)

One day after the Ohio litigation was indefinitely stayed, on June 18, 2009, Long filed his complaint in this lawsuit. (Doc. No. 1.) On July 8, 2009, CVS filed a motion to dismiss, or alternatively a motion to stay the litigation. (Doc. No. 4.) Long filed an opposition on August 4, 2009. (Doc. No. 8.) CVS thereafter filed a reply (Doc. No. 9), and the Court granted Long leave to file a sur-reply, which was deemed filed on August 21, 2009. (Doc. No. 10-1.) Against this backdrop, this matter is ripe for decision.

---

[1] *Klein, et al. v. O'Neal, Inc.*, *et al.,* No. 7:03-cv-102, (N.D. Tex., filed May 29, 2003).

2

## II.     STANDARD OF REVIEW

### A.     The First-to-File Rule

The first-to-file rule embodies the well-established principle that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. M'Iver*, 22 U.S. 532, 535 (1824). Underlying this principle is the desire to "encourage[] comity among federal courts of equal rank." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001)). The Fifth Circuit has explained the rationale behind the first-to-file rule, stating, "[c]ourts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999).

"Under the principle of comity, a district court properly may dismiss a case because of a previously filed case pending before another district court that presents the same issues and involves the same parties." *Carter v. Bank One*, 179 Fed. App'x. 338, 340 (6th Cir. 2006) (citations omitted). After deciding that the first-to-file rule applies, disposition of the second-filed action is within the court's discretion. *Smith v. Sec. Exch. Comm'n*, 129 F.3d 356, 361 (6th Cir. 1997). Courts may dispense with the rule for equitable reasons or when special circumstances are present, including bad faith, anticipatory suits, forum shopping or significant policy considerations. *Nartron Corp. v. Quantum Research Group, Ltd.*, 473 F. Supp. 2d 790, 795 (E.D. Mich. 2007).

The first-to-file rule does not require that the issues and parties in the two actions be identical. Indeed, the "rule provides that when actions involving nearly identical parties and

3

issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (internal quotations and citations omitted). *See also Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999) (citing *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984) and *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir.1957)) (holding pursuant to the first-to-file rule, when suits involving substantially the same issues and parties are filed in courts of concurrent jurisdiction, the court in which the first action was filed should proceed to judgment).

### III. LAW AND ANALYSIS

This Court must determine if applying the first-to-file rule is appropriate in this case. To do so, the Court must determine whether 1) the actions involve nearly identical parties, 2) the actions involve nearly identical issues, and 3) whether this Court should exercise its discretion to dispense with the rule for equitable reasons or because special circumstances warranting an exception are present.

#### A. Similarity of the Parties

This case pits Lawrence Long, as the administrator of the estate of his infant daughter Christina, against CVS. The parties do not dispute that CVS is a named defendant in the Texas litigation. Furthermore, the parties do not dispute that Long is a member of the class in the Texas litigation, which encompasses "all persons in the United States, *including any estate representatives or heirs of deceased persons*, who during the period from November 1, 1983 until April 30, 1984 were administered E-Ferol." (Doc. No. 4-2 at p. 1 (emphasis added).) While the Texas litigation, as is the nature of class action lawsuits, includes numerous other members

4

and involves several other defendants not named in this lawsuit, the Court concludes that the parties before it are nearly identical to those in the Texas litigation.

**B.      Similarity of the Issues**

In this case, Long seeks declaratory relief. Specifically, Long seeks an order that CVS is liable as a successor by merger to all E-Ferol liabilities of Revco, D.S., Inc. ("Revco"), a predecessor to CVS. Additionally, Long seeks an order that his claims, as the administrator of the estate of Christina Long, are not barred or otherwise discharged by the March 13, 1992 Order Confirming the Revco Debtors' Joint Plan of Reorganization ("the Revco bankruptcy order"). Put more simply, the issues presented in this lawsuit concern the extent of CVS's liability with regard to E-Ferol.

In the Texas litigation, which has been ongoing for over six years, the plaintiffs, a class which includes Long, are seeking damages from several drug company defendants, including CVS, for injuries alleged to be caused by E-Ferol. Among the many issues in that lawsuit, is, of course, the extent of CVS's liability with regard to E-Ferol.

Long insists that because the "affirmative defense of discharge in bankruptcy has not even been pled in the [Texas litigation]" that the "the issue is not now 'before' the Texas district court and likely will never be litigated before that court because the parties have announced a tentative settlement of the case." (Doc. No. 8 at p. 3.) In this Court's view, Long takes too narrow a view on whether the issue is before the Texas court. The effect of the Revco bankruptcy order and CVS's status as a successor by Merger to Revco are aspects of CVS's liability for injuries caused by E-Ferol, but the issue to be determined is CVS's liability for injuries caused by E-Ferol, and that issue is plainly before the Texas district court.

5

Nor is Long's contention that the issues presented in this lawsuit might never be litigated before the Texas district court persuasive. The nature of a settlement necessarily means that many issues will never be litigated in any given case. Close or difficult issues entail substantial risk for each party if litigated to a decision. Indeed, avoiding that risk is often one of the primary factors in the decision to pursue and reach a settlement. As such, Long's argument that "this Court's determination of the effect of the Revco bankruptcy discharge on claims directed against CVS is necessary to any decision on CVS' obligations and liabilities to Long" is clearly erroneous. (Doc. No. 8 at p. 5.) If the parties to the Texas litigation, which include the parties before this Court, reach a settlement, *no* court need reach the requested determination.

"Long contends that there is presented [in this lawsuit] a pure question of law critical to Long's claims against CVS that will need to be decided by some court at some point." (Doc. No. 8. at p. 6.) As stated in the foregoing paragraphs, and leaving aside the critical question of whether *this* Court is the proper one to make such a decision, this contention is simply inaccurate.

It is also necessary to address one fundamental misassumption upon which Long's entire complaint rests. Long's entire complaint, and indeed his complaint in the Ohio litigation which is now indefinitely stayed, rests upon the assumption that he has a viable independent claim against CVS. This assumption is, at best, premature. It is undisputed that Long is a member of the class that is involved in a six-year litigation with several defendants, including CVS, regarding alleged injuries due to E-Ferol. If that action is settled, or proceeds to judgment, while Long is a member of the class, his claim against CVS will be satisfied as a matter of law.

6

It is clear from his posture in this case, the Ohio litigation, and the Texas litigation that Long does not wish to be a member of the Texas litigation class. Indeed, Long previously filed a motion for leave to opt out of the class (Texas litigation, Doc. No. 255), which was denied by the Texas district court. (Texas litigation, Doc. No. 267.) Long has also filed a motion to decertify the class (Texas litigation, Doc. No. 301) and a motion to intervene, or alternatively a renewed motion to opt out of the class. (Texas litigation, Doc. No. 302.) These latter two motions are currently pending before the Texas district court. And it will be the resolution of those motions, by the Texas district court, that will determine whether Long's independent claim against CVS can be pursued.

**C.     Discretionary Concerns**

Courts in the Sixth Circuit have recognized two exceptions to the first-to-file rule: the "customer-suit exception" and the "declaratory judgment exception." Neither is applicable here.

Under the customer-suit exception, a later-filed manufacturer declaratory suit takes priority over earlier-filed infringement suits against the manufacturer's customers. *Delphi Corp. v. Auto. Techs. Int'l, Inc.*, No. 08-CV-11048, 2008 U.S. Dist. LEXIS 56463 at *4 (E.D. Mich. July 25, 2008) (citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir. 1990)). "At the root of the preference for a manufacturer's declaratory judgment is the recognition that, in reality, the manufacturer is the true defendant in the suit." *Id.* (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

The declaratory judgment exception is a tool used by courts to combat procedural fencing where courts refuse to give deference to declaratory judgment actions filed in anticipation of a substantive lawsuit. *Certified Restoration Dry Cleaning Network, L.L.C. v.*

*Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007). Courts refuse to apply the first-to-file rule under these circumstances because doing so would unfairly deprive a plaintiff of his choice of forum.

These exceptions plainly do not apply to this case. Nor does equity demand that the first-to-file rule be disregarded here. This is not a case where CVS is guilty of bad faith or procedural gamesmanship. Indeed, it is *Long* who is attempting to use this Court to issue a ruling that bolsters his chances to opt out or object to the settlement in the Texas litigation. (Doc. No. 8 at pp. 6-7, n.9.) Nowhere does Long claim that the Texas district court is incapable of deciding the issues before this Court. As stated earlier, Long's claim that his "claims against CVS [. . .] will need to be decided by some court at some point" may not be true at all. To the extent that the claims do need to be decided, Long has not shown any reason why this Court, and not the Texas district court that has been intimately involved in this litigation since 2003, is the proper forum. The first-to-file rule promotes the conservation of resources and the comprehensive disposition of litigation by avoiding duplication of time and effort, interference in another court's affairs, conflicting results, and piecemeal resolution of issues that call for a uniform result. *See Sutter Corp. v. P & P Indus., Inc.,* 125 F.3d 914, 917 (5th Cir. 1997). Its application is particularly appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, CVS's motion to dismiss is **GRANTED**. CVS's alternative request to stay the proceedings is **DENIED AS MOOT**. This action is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: February 11, 2010

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**